## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 11-cv-02040-JAR-DJW |
| ALEJANDRO RUIZ, a.k.a. | ) |
| ALEJANDRO RUIZ-FIGUEROA | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The government brings this lawsuit against Alejandro Ruiz under 8 U.S.C. § 1451(a) to set aside the order admitting Ruiz to United States citizenship and to cancel his certificate of naturalization.  The government alleges that Ruiz illegally procured his naturalization and willfully misrepresented and concealed material facts pertinent to his naturalization.  This case is presently before the Court on the government's Motion for Summary Judgment (Doc. 8).[1] Defendant has not filed a response, and the time to do so has expired.[2]  As explained more fully below, the government's motion is granted.

### I.      Summary Judgment Standard

Under D. Kan. Rule 7.4, a "failure to file a brief or response within the time specified . . .

---

[1]The government in the alternative seeks a default judgment.  While default judgment appears to be appropriate in this situation, the Court disposes of this matter on the Motion for Summary Judgment because the government did not apply for a clerk's entry of default or include an affidavit setting forth all of the requirements for default judgment under Federal Rule of Civil Procedure 55(b).

[2]*See* D. Kan. R. 6.1(d)(2) (requiring a parties to file a response to a dispositive motion within 21 days). This Motion for Summary Judgment was filed on July 22, 2011.  More than twenty-one days have passed without a response from defendant.

shall constitute a waiver of the right thereafter to file such brief or response."[3]  Furthermore, if a

"respondent fails to file a response within the time required . . . the motion will be considered

and decided as an uncontested motion and ordinarily will be granted without further notice."[4]

Nevertheless, "[i]t is improper to grant a motion for summary judgment simply because it is

unopposed."[5]  This will be the case where the movant fails to make out a prima facie case for

summary judgment.[6]  It is the role of the court to ascertain whether the moving party has

sufficient basis for judgment as a matter of law.[7]  In so doing, the court must make certain that

no undisclosed factual dispute would undermine the uncontroverted facts.[8]

　　　　Summary judgment is appropriate if the moving party "shows that there is no genuine

issue as to any material fact and that [it] is entitled to judgment as a matter of law."[9]  A fact is

only material under this standard if a dispute over it would affect the outcome of the suit.[10]  An

issue is only genuine if it "is such that a reasonable jury could return a verdict for the nonmoving

party."[11]  The inquiry essentially determines whether trial is needed or whether the evidence "is

---

[3]D. Kan. R. 7.4.

[4]*Id.*

[5]*Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (quoting *E.E.O.C. v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986) (citing *Hibernia Nat'l Bank v. Administracion Ctl. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985))).  The Court notes, however, that failing to file a timely response to a motion for summary judgment still waives the right to thereafter respond or otherwise controvert the facts alleged in the motion.  D. Kan. R. 7.4.

[6]*Id.* (citations omitted).

[7]*Id.* (citing *Lady Baltimore Foods*, 643 F. Supp. at 407).

[8]*Id.*

[9]Fed. R. Civ. P. 56(a).

[10]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[11]*Id.*

so one-sided that one party must prevail as a matter of law."[12]

The moving party bears the initial burden of providing the court with the basis for the motion and identifying those portions of the record that show the absence of a genuine issue of material fact.[13]  If this initial burden is met, the nonmovant must then "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[14]  When examining the underlying facts of the case, the court is cognizant that all inferences must be viewed in the light most favorable to the nonmoving party and that it may not make credibility determinations or weigh the evidence.[15]

## II.        Uncontroverted Facts

The Court deems the material facts set forth in plaintiff's motion admitted for the purposes of summary judgment because the defendant failed to specifically controvert them as required under D. Kan. Rule 56.1(a).[16]

Alejandro Ruiz became a lawful permanent resident of the United States on November 28, 2000.  On December 11, 2006, Ruiz filed an application for naturalization with the Nebraska Service Center of United States Citizenship and Immigration Services, using Form N-400.  On

---

[12]*Id.* at 251–52.

[13]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[14]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003).

[15]*See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[16]That rule provides: "All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."  D. Kan. Rule 56.1(a).

July 10, 2007, USCIS Officer James S. Davis interviewed Ruiz under oath about his Form N-400

Application.  Ruiz affirmed that to the best of his knowledge and belief the content of his

naturalization application was true and correct.  Based upon Ruiz's answers in his Form N-400

Application and those given in his interview with Officer Davis, USCIS approved Ruiz for

naturalization on August 3, 2007.

On July 22, 2007, the Lyon County, Kansas, Sheriff's Office arrested Ruiz and charged

him with aggravated assault with a deadly weapon and rape.  A Lyon County prosecutor then

filed a complaint against Ruiz on July 23, 2007, charging Ruiz with those two charges and four

additional charges—criminal threat, aggravated criminal sodomy, aggravated sexual battery, and

an additional charge of rape.  On September 7, 2007, Ruiz entered a plea of nolo contendere for

the crimes of aggravated assault with a deadly weapon and aggravated sexual battery.  The court

sentenced Ruiz to 32 months in jail for the aggravated sexual battery conviction and 12 months

in jail for the aggravated assault conviction, to be served concurrently.

Unaware of the criminal arrest and convictions, USCIS sent Ruiz a Form N-445, Notice

of Naturalization Oath Ceremony.  Ruiz completed and signed the form on September 14, 2007,

before his naturalization ceremony.  Question 4 of Form N-445 "asked whether Ruiz had been

arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any

law or ordinance" since his interview with Officer Davis on July 10, 2007.  Ruiz checked both

"Yes" and "No."  Seeing the inconsistent answer, Officer Elaine Howlett asked Ruiz whether he

had been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or

violating any law or ordinance, including traffic violations, since his interview date of July 10,

2007.  When Ruiz answered that he had not, Officer Howlett circled "No" on Ruiz's Form N-

445 and then initialed the application next to the circle. Ruiz signed the Form N-445, certifying that his answers were correct. On the basis of the answers Ruiz supplied in his Form N-400 Application, his sworn testimony during his naturalization interview, and his responses to the questions contained in his Form N-445, USCIS permitted Ruiz to take the Oath of Allegiance, admitted him to United States citizenship on September 14, 2007, and issued him a Certificate of Naturalization, number 29386831.

## III.   Discussion

Plaintiff brings this action under 8 U.S.C. § 1451(a). Under § 1451(a), a court must revoke an order admitting a plaintiff to citizenship and cancel the certificate of naturalization if the plaintiff either (1) illegally procured the order and certificate of naturalization or (2) procured the order and certificate by concealment of a material fact or by willful misrepresentation.[17] The Supreme Court has stated that once citizenship has been conferred, it "should not be taken away without the clearest sort of justification and proof."[18] As a result, "[t]o prevail in a denaturalization proceeding, the government must prove its case by clear, convincing, and unequivocal evidence, and leave no issue in doubt."[19] But once the government has met its burden, a court must enter a judgment of denaturalization and has no discretion to excuse the conduct.[20] Here, the government has met its burden.

### A.   Illegal Procurement

---

[17]8 U.S.C. § 1451(a).

[18]*Schneiderman v. United States*, 320 U.S. 118, 122 (1943).

[19]*United States v. Koziy*, 728 F.2d 1314, 1318 (11th Cir. 1984) (citing *Fedorenko v. United States*, 449 U.S. 490, 505 (1981); *United States v. Chaunt*, 364 U.S. 350, 353 (1966); *Scheiderman*, 320 U.S. at 125).

[20]*Fedorenko*, 449 U.S. at 517.

5

The uncontroverted facts establish that plaintiff illegally procured his naturalization.  An applicant "illegally procures" naturalization when the applicant fails to strictly comply with all of the congressionally imposed prerequisites for citizenship.[21]  One prerequisite requires the applicant to prove good moral character during the statutory period starting five years before filing the Form N-400 Application and ending at the naturalization ceremony.[22]  The statutory requirements preclude an applicant from proving good moral character if he has been convicted of an aggravated felony within the statutory period, including the time between the initial approval of naturalization and the naturalization ceremony.[23]  The statute defines an aggravated felony to include an offense, carrying a term of imprisonment of at least one year, that has as an element the use or threat of force against another person.[24]  And a conviction not only includes conviction by trial, but also conviction by plea of guilty or nolo contendere.[25]

Here, Ruiz entered a plea of nolo contendere for aggravated assault with a deadly weapon and aggravated sexual battery on September 7, 2007.  Both felonies have as an element use or threat of force against another person and carry a sentence of at least one year.[26]  The court sentenced Ruiz to a term of imprisonment of at least one year for each conviction.  Thus, his convictions meet the statutory definition of aggravated felony.   The conviction occurred within the statutory period, specifically the time between the initial approval for naturalization and the

---

[21]*Id.* at 506.

[22]8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10(a)(1).

[23]8 U.S.C. § 1101(f)(8); 8 C.F.R. § 316.10(b)(1)(ii).

[24]8 U.S.C. § 1101(a)(43)(F) (referring to 18 U.S.C. § 16).

[25]*Id.* § 1101(a)(48)(I).

[26]*See* Kan. Stat. Ann. §§ 21-3410, 21-3518.

6

naturalization ceremony.  As a result, Ruiz could not show good moral character during the required time period and thus failed to meet the congressionally mandated prerequisites for naturalization.  Therefore, Ruiz illegally procured the order and certification of naturalization, and the Court must enter a judgment of denaturalization.

### B.    Willful Concealment of Material Facts

Even if Ruiz did not illegally procure the order and certificate of naturalization, the Court must also enter a judgment of denaturalization because he procured the order and certificate by concealment of a material fact or by willful misrepresentation.  For the court to revoke naturalization under this second provision of § 1451(a), the government must prove (1) the applicant misrepresented or concealed a fact, (2) the applicant did so wilfully, (3) the fact misrepresented or concealed was material, and (4) the applicant procured citizenship as a result of the misrepresentation.[27]

Here, Ruiz misrepresented a fact.  Ruiz completed his Form N-445 on September 14, 2007.  Question 4 of the form asked whether Ruiz had been "arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, including traffic offenses."  Ruiz answered "No" to this question and signed the document, certifying that the answers he gave were true and correct.  In fact, only seven days before he signed this document certifying that he had not been convicted of any crimes, he had been convicted of aggravated assault and aggravated sexual battery.  He had also been arrested, charged, and imprisoned for those offenses.  Thus, Ruiz misrepresented or concealed a fact on his application.

Ruiz made his misrepresentation wilfully.  A misrepresentation is willful if the applicant

---

[27]*Kungys v. United States*, 485 U.S. 759, 767 (1988).

knows the information is false.[28]   The applicant need not posses an intent to deceive but must

only make a deliberate and voluntary misrepresentation.[29]   It cannot be denied that Ruiz had

knowledge of his conviction that occurred only seven days before.   Not only had he just been

convicted, but he had also just been released from jail on September 7, 2007, as he remained in

jail from his arrest until his conviction.   Further, Ruiz initially answered both "Yes" and "No" to

Question 4 on his Form N-445.   When Officer Howlett asked Ruiz which answer was correct,

Ruiz answered that he had not been convicted.   That Ruiz initially checked "Yes" and "No" and

then clarified his answer shows he did not accidently answer "No" to Question 4.   And so, Ruiz

made a deliberate and voluntary misrepresentation on the Form N-445.

     Ruiz's misrepresentation was also material and allowed him to procure naturalization.   A

fact is material when it has the natural tendency to influence the decision to approve

naturalization.[30]   Ruiz's correct answer to Question 4 would have precluded him from meeting

the good moral character prerequisite and thus would have precluded naturalization.   As such,

the misrepresentation influenced the decision to approve naturalization—without a "Yes"

answer, Ruiz would not have achieved United States citizenship on September 14, 2007.   Thus,

the misrepresentation was material, and he procured his naturalization as a result of his

misrepresentation.

     Because the government has proved through the uncontroverted facts that Ruiz procured

citizenship by willfully misrepresenting a material fact on his Form N-445, the government has

---

[28]*Forbes v. INS*, 48 F.3d 439, 442 (9th Cir. 1995) (citing *Espinoza-Espinoza v. INS*, 554 F.2d 921, 925 (9th Cir. 1977)).

[29]*Espinoza-Espinoza*, 554 F.2d at 925.

[30]*Kungys*, 485 U.S. at 772.

met its burden under § 1451(a).  Thus, the Court must order a judgment of denaturalization based on the second provision of § 1451(a) as well as the first.

Whether through the illegal procurement or willful misrepresentation provisions of § 1451(a), the government has demonstrated that there is no genuine issue of material facts and that it is entitled to judgment as a matter of law.  Therefore, the Court grants the government's Motion for Summary Judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that government's Motion for Summary Judgment (Doc. 8) is **GRANTED.**   The Court directs the government to submit a proposed judgment.

**IT IS SO ORDERED.**

Dated: <u>September 26, 2011</u>


 S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE